No. 24-685

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

REX REAL ESTATE EXCHANGE, INC.

*Plaintiff-Appellant,*

v.

ZILLOW GROUP, INC., ET AL.

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Washington
No. 2:21-cv-00312
Hon. Thomas S. Zilly

**PLAINTIFF-APPELLANT'S OPPOSITION TO ZILLOW GROUP INC.'S MOTION TO MAINTAIN PORTIONS OF FURTHER EXCERPTS OF RECORD UNDER SEAL**

**(REDACTED)**

STEPHEN N. ZACK
URSULA UNGARO
CARL GOLDFARB
JON L. MILLS
JAMES GRIPPANDO
JASON S. ZACK
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131

DAVID BOIES
DAVID A. BARRETT
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, New York 10504

SIMON P. LEEN
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Plaintiff-Appellant REX Real Estate Exchange, Inc.*

Appellant REX Real Estate Exchange, Inc. opposes Zillow's Motion to Maintain Portions of REX's Further Excerpts of Record Under Seal, Dkt. 75, and in support thereof states:

As the party seeking to restrict access to judicial records, Zillow bears the heavy burden of demonstrating a compelling interest that outweighs the strong presumption of public access to court documents. Far from satisfying that burden, however, Zillow—which advertises itself as "turning on the lights," valuing transparency and empowering consumers by supplying them with information—baselessly seeks in this antitrust action to hide documents for which it cannot even make a colorable case that they should be maintained under seal.

Rather than submitting the requisite compelling evidence, Zillow offers mere conclusory assertions that the documents and testimony contain confidential business information. Some of the information Zillow seeks to keep under seal, such as Zillow's reasons for wanting to obtain IDX fees, is not only disclosed in its brief in this appeal, which it does ***not*** seek to maintain under seal, but is also directly relevant to this appeal. Zillow's sole evidence for seeking to keep information under seal is the declaration of a paralegal who lacks any apparent qualifications to attest to confidentiality or the impact of disclosure on the company of emails and documents, many of which are from six years ago, and should be denied in totality.

## **LEGAL STANDARD**

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (in considering motions to seal, "a strong presumption in favor of access is the starting point" (internal quotation marks omitted)). This right of access is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'" *Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 604 (1982) (citation omitted). Open access to court documents allows "the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Id.* at 606.

This Court has long recognized a strong public right of access to judicial filings. *See CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 825 (9th Cir. 1985). This "right of access is grounded in the First Amendment and in common law and extends to documents filed in pretrial proceedings as well as in the trial itself." *Id.* Where a filing relates to the merits of an action—as do the materials at issue here—"[a] party seeking to seal a judicial record[ ] bears the burden of overcoming th[e] strong presumption [of public access] by meeting the 'compelling reasons' standard."

2

*Kamakana*, 447 F.3d at 1178-79. Because motions for summary judgment go to the merits of an action, as compared, for example, to a discovery motion, this Court has "applied the 'compelling reasons, standard to documents attached to a motion for summary judgment." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097–98 (9th Cir. 2016).

Even when parties can show a compelling reason to keep some information in some documents confidential, the order still must be "narrowly tailored to serve that reason." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016); *see Press-Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an *overriding interest* based on findings that *closure is essential* to preserve higher values and is *narrowly tailored* to serve that interest." (emphasis added)).

Before allowing filings to be sealed, a court must weigh the compelling First Amendment interest in open court proceedings against the asserted need for confidentiality within the context of the gravamen of the particular case—here, the alleged anti-competitive conduct of the National Association of Realtors ("NAR") and Zillow. *See Raulerson v. Massanari*, 25 F. App'x 589, 594 (9th Cir. 2001) (denying motion to seal because presumption of access is rebutted only if "countervailing interests *heavily* outweigh the public interests in access" (emphasis added and citation omitted); *Ctr. for Auto Safety,* 809 F.3d at 1097 (court must

3

balance interests of the public against those of the party seeking to seal judicial records).

Finally, in moving to seal judicial records, Zillow must comply with Circuit Rule 27-13. Under that Rule, a party that wishes to seal a document or portion of a document, "whether or not it was sealed in the district court," must file a motion that "*explain[s] the specific reasons* for this relief and describe[s] the potential for irreparable injury in the absence of such relief." 9th Cir. R. 27-13(e) (emphasis added); *see Bush v. Rust-Oleum Crop.*, No. 24-913, 2024 WL 1328234, at *1 (9th Cir. Mar. 26, 2024) (same). "In addition, the motion shall request the *least restrictive scope of sealing* and be *limited in scope to only the specific documents or portion of documents that merit sealing*." 9th Cir. R. 27-13(e) (emphasis added).

Here, Zillow has failed to meet these exacting requirements to justify sealing the designated pages of its supplemental record excerpts. As noted, Zillow's sole evidentiary submission concerning the need for confidentiality is a declaration from Ryan Duffey, who identifies himself as a senior litigation paralegal employed by Zillow. Dkt. 75, Ex. A. According to Mr. Duffey's LinkedIn profile, he has no legal training beyond a paralegal certificate.[1] There is no indication in his profile or declaration that he has any operational responsibility for any of the subject matter

---

[1] https://www.linkedin.com/in/ryan-duffey-94910841/.

4

areas of the documents and testimony he describes as confidential. Nor does he indicate that he conferred with Zillow executives who do have such responsibilities and might have personal knowledge, which Mr. Duffey lacks, of the nature or scope of potential harm to Zillow (or to third parties) from disclosure.

In short, Mr. Duffey is not qualified to give competent testimony on the matters which he addresses. *See, e.g., IPSL, LLC v. Coll. of Mount Saint Vincent*, 383 F. Supp. 3d 1128, 1135 (D. Or. 2019) (declaration supporting motion must be "'made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated'") (quoting *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp.3d 929, 946 (N.D. Cal. 2014)). The motion should be denied on this basis alone.

In any event, the *ipse dixit* assertions of its paralegal on which Zillow solely relies are conclusory and Zillow has failed to satisfy its burden of specificity and to put forth a competent evidentiary showing of "[o]nly the most compelling reasons" to justify sealing materials related to the appeal. *See Shane Grp*, 825 F3d at 305; *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (applying "compelling countervailing interests" test).

### **Proposed Redactions to FER are Unwarranted**

Zillow discusses its proposed FER redactions in three groups as follows:

5

| ECF No. | Pages in Further Excerpts of Record | Description of Document |
|---|---|---|
| 402[2] | FER-31, 37–38 | REX's Opposition to Zillow's Motion for Summary Judgment |
| 332-41 | FER-2, 81–83 | Emails |
| 332-42 | FER-84–87 | Emails |

REX analyzes Zillow's proposals in the same order as Zillow does in its motion.

On pages FER-31, 37–38, Zillow seeks to redact statements from Zillow executives about the reasons Zillow switched to IDX feeds, and in particular a statement that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because Zillow already had 98% of all listings and from a consumer perspective the switch would be "at best a wash" after accounting for the harmful impact on NAR's rules. The reasons for Zillow's decision to switch to IDX feeds are directly relevant to the appeal, and show among other things, that Zillow knew the switch would be harmful to consumers because the Segregation Rule was anti-consumer and anticompetitive. Zillow asserts but fails to show why statements from 2020 or earlier should be kept from public view. An *ipse dixit* assertion from a paralegal that a document indicates Zillow's "strategic thinking" does not show how its publication, although potentially embarrassing to Zillow, would hurt its "competitive standing." Duffey Decl., Dkt.

---

[2] In the FER Table of Contents, REX incorrectly cites this document as ECF No. 391. Docket entry 391 is Zillow's Opposition to REX's Motion for Partial Summary Judgment.

6

75, Ex. A, at 1–3. In short, Zillow's proffered justification for preventing the public from seeing this information falls far short of 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178–79.

On pages 2 and 81–83, Zillow seeks to redact the phrase ▮▮▮▮ and also the risks of ▮▮▮▮▮▮▮▮▮▮ The fact that Zillow seeks to redact only the phrase ▮▮▮▮ from page 2 of the FER is indicative of the unreasonableness of Zillow's proposed redactions. It is hard to imagine how the public disclosure of the term ▮▮▮▮ alone can harm Zillow. As to the strategic risks of ▮▮▮▮ page 81 of the FER quotes an email stating in part ▮▮▮▮ ▮▮▮▮ The same email says: ▮▮▮▮ ▮▮▮▮ FER-82. Those admissions are directly relevant to REX's contention, among other things, that Zillow knew the Segregation Rule, like other NAR rules, was anti-competitive, and Zillow cannot meet the rigorous standard necessary to redact highly relevant evidence. Again, legalese from a paralegal, Duffey Decl., Dkt. 75, Ex. A, at 3, falls far short of the compelling reasons standard or from demonstrating how disclosing this candid assessment of NAR's rules, while embarrassing to Zillow, is harmful to any of Zillow's legitimate interests.

As to ▮▮▮▮ a potential new internet source of home listings, neither Zillow's motion nor Mr. Duffey's declaration mention ▮▮▮▮ or talk about

7

Zillow's future plans for home listings and so have not stated any basis for maintaining that information under seal.

On pages FER-84–87, Zillow seeks to redact an entire email chain from October 2018, six years ago, which discusses Zillow's reasons for considering switching to IDX feeds. Mr. Duffey's assertion that the email chain is "highly strategic" and indicates employees' "strategic assessment" does not explain how making this document publicly accessible would harm any legitimate interest of Zillow, Duffey Decl., Dkt. 75, Ex. A, at 3, let alone how it is justified under the compelling reason standard.

## CONCLUSION

For the reasons stated above, Zillow's requests to maintain portions of REX's FER under seal should be denied.

October 28, 2024

STEPHEN N. ZACK
URSULA UNGARO
CARL GOLDFARB
JON L. MILLS
JAMES GRIPPANDO
JASON S. ZACK
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
(301) 359-8400

Respectfully submitted,

  /s/ *David Boies*

DAVID BOIES
DAVID A. BARRETT
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, New York 10504
(914) 749-8200

SIMON P. LEEN
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, California 90067
(213) 629-9040

*Counsel for Plaintiff-Appellant REX Real Estate Exchange, Inc.*

8

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s):** 24-685

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

(1) Motion to Maintain Portions of REX's Opposition Brief Under Seal;
(2) Proposed Redactions

**Signature** /s/ John A. Jurata, Jr.    **Date** Nov 18, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15**    *Rev. 12/01/2018*