# No. 24-685

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

REX REAL ESTATE EXCHANGE, INC.

*Plaintiff-Appellant*,

v.

ZILLOW GROUP, INC., ET AL.

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Western District of Washington
No. 2:21-cv-00312
Hon. Thomas S. Zilly

## PLAINTIFF-APPELLANT'S OPPOSITION TO DEFENDANT-APPELLEE'S MOTION TO MAINTAIN PORTIONS OF VOLUME 5 OF DEFENDANT-APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD UNDER SEAL

**(REDACTED)**

STEPHEN N. ZACK
URSULA UNGARO
CARL GOLDFARB
JON L. MILLS
JAMES GRIPPANDO
JASON S. ZACK
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131

DAVID BOIES
DAVID A. BARRETT
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, New York 10504

SIMON P. LEEN
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Plaintiff-Appellant REX Real Estate Exchange, Inc.*

# INTRODUCTION

Appellant REX Real Estate Exchange, Inc. opposes Zillow's Motion to Maintain Portions of Volume 5 of Supplemental Excerpts of Record Under Seal (Dkt. 55) and says in support thereof:

As the party seeking to restrict access to judicial records, Zillow bears the heavy burden of demonstrating a compelling interest that outweighs the strong presumption of public access to court documents. Far from satisfying that burden, however, Zillow—which advertises itself out as "turning on the lights," valuing transparency, and empowering consumers by supplying them with information—baselessly seeks in this antitrust action to hide documents for which it cannot even make a colorable case that they should be maintained under seal.

Rather than submitting the requisite compelling evidence, Zillow offers mere conclusory assertions that the documents and testimony contain confidential business information. Some of the information Zillow seeks to keep under seal, such as Zillow's reasons for wanting to obtain IDX fees, is not only disclosed in its brief in this appeal, which it does ***not*** seek to maintain under seal, but is also directly relevant to this appeal. Zillow's sole evidence for seeking to keep information under seal is the declaration of a paralegal who lacks any apparent qualifications to attest to confidentiality or the impact of disclosure on the company or third parties.

1

Zillow's motion also seeks to keep such pablum as its key competitors under seal and should be denied in its totality.

Tellingly, Zillow does not seek to keep its appellee brief under seal. Because of the significant public interest in this case, which concerns real estate commissions paid by millions of Americans, Zillow's answer brief should be unsealed at once.

## LEGAL STANDARD

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (in considering motions to seal, "a strong presumption in favor of access is the starting point" (internal quotation marks omitted)). This right of access is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'" *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 604 (1982) (citation omitted). Open access to court documents allows "the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Id.* at 606.

This Court has long recognized a strong public right of access to judicial filings. *See CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 825 (9th Cir. 1985). This "right

2

of access is grounded in the First Amendment and in common law and extends to documents filed in pretrial proceedings as well as in the trial itself." *Id.* Where a filing relates to the merits of an action—as do the materials at issue here—"[a] party seeking to seal a judicial record[ ] bears the burden of overcoming th[e] strong presumption [of public access] by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178–79. Because motions for summary judgment go to the merits of an action, as compared for example to a discovery motion, this Court has "applied the 'compelling reasons' standard to documents attached to a motion for summary judgment." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097–98 (9th Cir. 2016).

Even when parties can show a compelling reason to keep some information in some documents confidential, the order still must be "narrowly tailored to serve that reason." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F3d 299, 305 (6th Cir. 2016); *see also Press-Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an *overriding interest* based on findings that *closure is essential* to preserve higher values and is *narrowly tailored* to serve that interest." (emphasis added)).

Before allowing filings to be sealed, a court must weigh the compelling First Amendment interest in open court proceedings against the asserted need for confidentiality within the context of the gravamen of the particular case—here, the

3

alleged anti-competitive conduct of the National Association of Realtors ("NAR") and Zillow. *See Raulerson v. Massanari*, 25 F. App'x 589, 594 (9th Cir. 2001) (denying motion to seal because presumption of access is rebutted only if "countervailing interests *heavily* outweigh the public interests in access" (emphasis added) (citation omitted); *Ctr. for Auto Safety,* 809 F.3d at 1097 (court must balance interests of the public against those of the party seeking to seal judicial records).

Finally, in moving to seal judicial records, Zillow must comply with Circuit Rule 27-13. Under that Rule, a party that wishes to seal a document or portion of a document, "whether or not it was sealed in the district court," must file a motion that "*explain[s] the specific reasons* for this relief and describe[s] the potential for irreparable injury in the absence of such relief." 9th Cir. R. 27-13(e) (emphasis added); *see Bush v. Rust-Oleum Crop.*, No. 24-913, 2024 WL 1328234, at *1 (9th Cir. Mar. 26, 2024) (same). "In addition, the motion shall request the *least restrictive scope of sealing* and be *limited in scope to only the specific documents or portion of documents that merit sealing*." 9th Cir. R. 27-13(e) (emphasis added).

Here, Zillow has failed to meet these exacting requirements to justify sealing the designated pages of its supplemental record excerpts. As noted, Zillow's sole evidentiary submission concerning the need for confidentiality is a declaration from Ryan Duffey, who identifies himself as a senior litigation paralegal employed by Zillow. According to Mr. Duffey's LinkedIn profile, he has no legal training beyond

4

a paralegal certificate.[1] There is no indication in his profile or declaration that he has any operational responsibility for any of the subject matter areas of the documents and testimony he describes as confidential. Nor does he indicate that he conferred with Zillow executives who do have such responsibilities and might have personal knowledge, which Mr. Duffey lacks, of the nature or scope of potential harm to Zillow (or to third parties) from disclosure. In its opposition to Zillow's earlier motion to maintain parts of REX's record excerpts under seal, (Dkt. 51), REX noted these same shortcomings in Mr. Duffy's declaration, which Mr. Duffy's current declaration does not address.

In short, Mr. Duffey is not qualified to give competent testimony on the matters which he addresses. *See, e.g.*, *IPSL, LLC v. Coll. of Mount Saint Vincent*, 383 F. Supp. 3d 1128, 1135 (D. Or. 2019) (declaration supporting motion must be "'made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated'") (quoting *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 946 (N.D. Cal. 2014)). The motion should be denied on this basis alone.

In any event, the *ipse dixit* assertions of its paralegal on which Zillow solely relies are conclusory and Zillow has failed to satisfy its burden of specificity and to

---

[1]　　https://www.linkedin.com/in/ryan-duffey-94910841/.

5

put forth a competent evidentiary showing of "[o]nly the most compelling reasons" to justify sealing materials related to the appeal. *See Shane Grp.*, 825 F3d at 305; *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (applying "compelling countervailing interests" test).

**I.** **<u>Redactions to Brief</u>**

Zillow seeks to redact:

(a) The following excerpt of the April 27, 2023 deposition of Errol Samuelson at page 937 of the Record Excerpts:



6



(b)     The following three excerpts of April 26, 2023 Rebuttal Expert Report of Steven Tadelis, Ph.D., at RE 996, 997–98, and 1001.



7

c. ██████████████████████████████████

██████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

c. ██████████████████████████████████

██████████████████████████████████

████████████

## II.   None of the Redactions are Warranted

### A.   There is no justification for redacting portions of Mr. Samelson's deposition.

In this deposition excerpt, Mr. Samuelson simply states the ████████████

██████████████████████████████████████████████████████████████████



███████████████████████████████████████

███████████████████████████████████████

Zillow asserts (motion at 3) but does not explain how disclosure of such a highly generalized description of a commonplace term in a handful of Zillow contracts would harm "Zillow's business relationships with those parties, potentially place Zillow in breach of those agreements, and put Zillow at a competitive disadvantage because competitors would gain information regarding Zillow's contracts with third parties." That is especially true now that Zillow has replaced most if not all of its contracts with MLSs with IDX feeds and given that Zillow closed down its Zillow Offers program in 2021.[2]

For this redaction, and every other redaction proposed by Zillow, the fact that the material in question was filed under seal in district court does not carry Zillow's burden. *See* Local Ninth Circuit Court of Appeals Rule 27-13(e) (a party that wishes to seal a document or portion of a document, "whether or not it was sealed in the district court," must file a motion that "*explain[s] the specific reasons* for this relief and describe[s] the potential for irreparable injury in the absence of such relief") (emphasis added).

---

[2] https://investors.zillowgroup.com/investors/news-and-events/news/news-details/2021/Zillow-Group-Reports-Third-Quarter-2021-Financial-Results--Shares-Plan-to-Wind-Down-Zillow-Offers-Operations/default.aspx.

9

Because Zillow defends its decision to join the conspiracy by arguing that it needed IDX fees in part because of the threat that MLSs would terminate their contracts with Zillow when Zillow began to compete directly with realtors through the Zillow Offers program, the information Zillow wants to redact is directly relevant to the merits of this appeal.

**B.    There is no justification for redacting portions of Prof. Tadelis's report.**

At RE 996, Professor Tadelis simply states that ███████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████

Companies regularly identify key competitors, including in their SEC filings. There is nothing surprising about Professor Tadelis's list. In its motion (at 4) Zillow asserts but does not explain how release of these names possibly "could harm Zillow's competitive standing and allow competitors to gain insight into Zillow's competitive strategy." That is especially true given that Zillow's identification of competitors in its answer brief, which it does *not* seek to keep under seal, asserting that because of shortcomings with Zillow's listings, "consumers turned to Redfin, Realtor.com, Homes.com, Rocket Mortgage, Opendoor, and Apartment.com, as well as offline advertisers, Google and social media sites like Facebook and Instagram." Zillow Br. at 10.

10

At RE 997, Professor Tadelis states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Zillow asserts (at 5) but does not explain how disclosure of that information could harm Zillow's "business relationships with those third parties, while allowing competitors to gain information regarding Zillow's third-party contracts and its strategic offerings." Zillow does not say, for instance, whether it is continuing that practice, whether that information is generally known among realtors, or even whether there were non-disclosure provisions in its contracts with local realtors.

At RE 998, Professor Tadelis lists the market share of the Zillow Offers program, which Zillow discontinued in 2021. Zillow asserts (at 6) but does not explain how this market metric possibly "could be used by Zillow's competitors if publicly disclosed." Not only did Zillow discontinue this program in 2021, it regularly provided information about the program during its lifespan and when announcing it was closing the program.[3]

At RE 1001, Professor Tadelis stated that some MLSs did not provide Zillow with information about certain fields regarding homes for sale and gave some

---

[3] https://investors.zillowgroup.com/investors/news-and-events/news/news-details/2021/Zillow-Group-Reports-Third-Quarter-2021-Financial-Results--Shares-Plan-to-Wind-Down-Zillow-Offers-Operations/default.aspx.

11

examples and also noted that one MLS had announced it would stop providing Zillow with information about homes for sale altogether. Zillow asserts (at 6) but does not explain how "Disclosure of this information could harm Zillow's business relationships with those third parties, while offering competitors insight into Zillow's third-party contracts and strategic decision making." Not only is that information dated, but as noted, Zillow obtains most of the information about homes for sale in various MLSs, not through contracts with the MLS, but rather through the IDX feeds. Moreover, in its appellee brief, Zillow states it switched to IDX fees among other reasons so that it could obtain more complete information about home listings. Zillow Brief at 9, 11, 35–36.

Because Zillow defends its decision to join the conspiracy by arguing that it needed IDX fees in part because those feeds provided more compete data than it was sometimes able to obtain from the MLSs though contracts, the information Zillow wants to redact is directly relevant to the merits of this appeal.

## CONCLUSION

For the reasons shown in this Brief, all of Zillow's requests to maintain portions of its supplemental record excerpts under seal should be denied.

August 26, 2024                                    Respectfully submitted,


                                                    /s/ *David Boies*
STEPHEN N. ZACK                                    DAVID BOIES
URSULA UNGARO                                      DAVID A. BARRETT

12

| | |
|---|---|
| CARL GOLDFARB<br>JON L. MILLS<br>JAMES GRIPPANDO<br>JASON S. ZACK<br>BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd Street, Suite 2800<br>Miami, Florida 33131<br>(301) 359-8400 | BOIES SCHILLER FLEXNER LLP<br>333 Main Street<br>Armonk, New York 10504<br>(914) 749-8200<br><br>SIMON P. LEEN<br>BOIES SCHILLER FLEXNER LLP<br>2029 Century Park East, Suite 1520<br>Los Angeles, California 90067<br>(213) 629-9040 |

*Counsel for Plaintiff-Appellant REX Real Estate Exchange, Inc.*

13

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** 24-685

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

(1) Motion to Maintain Portions of REX's Opposition Brief to Zillow's Sealing Motion Under Seal; (2) Proposed Redactions

**Signature** /s/ John A. Jurata, Jr.    **Date** Sep 13, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 15**    *Rev. 12/01/2018*